PROB 12C
Rev 2/03



# United States District Court

### for

### Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Sherry Alexander**          Case Numbers: **CR 1-99-033 and CR 1-02-171**

Name of Sentencing Judicial Officer:   **The Honorable Sandra S. Beckwith**
**Chief United States District Judge**

Date of Original Sentence:   **October 22, 1999 for case number CR 1-99-033**
**August 8, 2003 for case number CR 1-02-171**

Original Offense:   **Unauthorized Use of Credit Cards (case number CR 1-99-033)**
**Unauthorized Use of Access Device (case number CR 1-02-171)**

Original Sentence:   **18 months imprisonment, three years of supervised release, $17,692.24 in restitution, and a $100 special assessment in case number CR 1-99-033**

**30 months imprisonment, three years of supervised release, $28,645.94 in restitution, and a $100 special assessment in case number CR 1-02-171**

Type of Supervision: **Supervised Release**        Date Supervision Commenced: **June 26, 2006**

Assistant U.S. Attorney: **To be assigned**         Defense Attorney: **To be assigned**

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue an Order to Appear and Show Cause
[ ]   To grant an exception to revocation without a hearing.


Violation Number        Nature of Noncompliance

#1        Standard Condition: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

Alexander failed to report for an office visit at the United States Probation Office in the month of October 2006. She was scheduled to report on October 12, 2006 and October 16, 2006 but rescheduled both of these appointments.

Alexander failed to submit a monthly supervision report for the month of September 2006 by October 5, 2006.

PROB 12C
Rev 2/03

2

#2	Standard Condition: You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On August 8, 2006, this officer and Alexander discussed the fact that if her son, Joshua Bourne, had an active warrant for his arrest out of Butler County, Ohio. Alexander was instructed by this officer to contact the police immediately if Bourne contacts her in any way. On October 25, 2006, this officer conducted a home visit at Alexander's residence along with deputies from the United States Marshal Service. At the time of the home visit, Joshua Bourne was inside Alexander's residence. Bourne was arrested by deputies on the active warrant. Alexander was arrested by a Butler County Adult Probation Officer for a Probation Violation for harboring a wanted fugitive.

#3	Standard Condition: You shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance.

On October 25, 2006, Alexander harbored Joshua Bourne who was wanted on an active warrant from Butler County, Ohio Court of Common Pleas. Alexander knew there was an active warrant for Joshua Bourne when she harbored him on October 25, 2006.

#4	Special Condition: The defendant shall participate in mental health and chemical dependency assessments and comply with any recommended treatment.

On July 7, 2006, Alexander was referred to Horizon Services for a Psychiatric Evaluation and a substance abuse assessment. The evaluation and assessment determined that Alexander should see an individual counselor bi-weekly to address her mental health and substance abuse issues as well as participate in a random urine collection program. Alexander was scheduled to start her counseling sessions on August 28, 2006. From August 28, 2006 to October 25, 2006, Alexander attended only two counseling sessions. She failed to show for counseling sessions on August 28, 2006 and October 3, 2006 and she rescheduled a counseling session scheduled for September 20, 2006.

#5	Special Condition: The defendant shall pay $28,645.94 in restitution.

On August 6, 2006, a Payment Agreement was filed with the Clerk's Office which required Alexander to pay $10.00 a month toward her restitution commencing on August 5, 2006. Based on this payment agreement, Alexander should have paid $30 toward her restitution from August 5, 2006 to October 5, 2006. She has only paid $10.

PROB 12C
Rev 2/03

3

U.S. Probation Officer Recommendation: Since being released on supervised release, Alexander has displayed a total disregard for the conditions of supervised release. She has not attended mental health and chemical dependency counseling sessions as required and she refuses to comply with the instructions of the probation officer. Thus, it is respectfully recommended that a warrant be issued for her arrest so that she can appear in Court for a supervised release violation hearing.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that
the foregoing is true and correct.

*Mark R. Grawe* (signature)

Mark R. Grawe
United States Probation Officer

Reviewed and Approved By,

*John C. Cole* (signature)

John C. Cole
Supervising United States Probation Officer

Date: October 31, 2006

THE COURT ORDERS:

- [ ] No Action
- [X] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of an Order to Appear and Show Cause
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

_____
Signature of Judicial Officer

10/31/06
Date