PROB 12C
Rev 2/03

*FILED
JAMES BONINI
CLERK

# United States District Court
## for
## Southern District of Ohio

06 DEC 18 PM 12: 42

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

## Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Sherry Alexander**         Case Numbers: **CR 1-99-033 and CR 1-02-171**

Name of Sentencing Judicial Officer:    **The Honorable Sandra S. Beckwith**
                                         **Chief United States District Judge**

Date of Original Sentence:    **October 22, 1999 for case number CR 1-99-033**
                              **August 8, 2003 for case number CR 1-02-171**

Original Offense:    **Unauthorized Use of Credit Cards (case number CR 1-99-033)**
                     **Unauthorized Use of Access Device (case number CR 1-02-171)**

Original Sentence:   **18 months imprisonment, three years of supervised release, $17,692.24 in restitution, and a $100 special assessment in case number CR 1-99-033**

                     **30 months imprisonment, three years of supervised release, $28,645.94 in restitution, and a $100 special assessment in case number CR 1-02-171**

Type of Supervision: **Supervised Release**         Date Supervision Commenced: **June 26, 2006**

Assistant U.S. Attorney: **Jeb T. Terrien**         Defense Attorney: **Richard W. Smith-Monahan**

## PETITIONING THE COURT

[X]    No warrant necessary as Bond Violation has been presented to Magistrate Judge.
[ ]    To issue an Order to Appear and Show Cause
[ ]    To grant an exception to revocation without a hearing.


| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Standard Condition: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| | Alexander failed to report for an office visit at the United States Probation Office in the month of October 2006. She was scheduled to report on October 12, 2006 and October 16, 2006 but rescheduled both of these appointments. |
| | Alexander failed to submit a monthly supervision report for the month of September 2006 by October 5, 2006. |

PROB 12C
Rev 2/03

2

#2     Standard Condition: You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On August 8, 2006, this officer and Alexander discussed the fact that if her son, Joshua Bourne, had an active warrant for his arrest out of Butler County, Ohio. Alexander was instructed by this officer to contact the police immediately if Bourne contacts her in any way. On October 25, 2006, this officer conducted a home visit at Alexander's residence along with deputies from the United States Marshal Service. At the time of the home visit, Joshua Bourne was inside Alexander's residence. Bourne was arrested by deputies on the active warrant. Alexander was arrested by a Butler County Adult Probation Officer for a Probation Violation for harboring a wanted fugitive.

#3     Standard Condition: You shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance.

On October 25, 2006, Alexander harbored Joshua Bourne who was wanted on an active warrant from Butler County, Ohio Court of Common Pleas. Alexander knew there was an active warrant for Joshua Bourne when she harbored him on October 25, 2006.

#4     Special Condition: The defendant shall participate in a mental health program as instructed by the U. S. Probation Office.

On July 7, 2006, Alexander was referred to Horizon Services for a Psychiatric Evaluation and a substance abuse assessment. The evaluation and assessment determined that Alexander should see an individual counselor bi-weekly to address her mental health and substance abuse issues as well as participate in a random urine collection program. Alexander failed to attend a counseling session on August 29, 2006. She failed to attend a counseling session on September 12, 2006 but left a telephone message on her counselor's voice mail stating she could not attend the session because she was ill. Alexander was rescheduled for September 15, 2006. Alexander contacted her counselor and indicated that she could not report on September 15, 2006 and the session was rescheduled for September 20, 2006. Alexander failed to report for her session on September 20, 2006 but left a voice mail message for her counselor indicating that she could not report for the session because she did not have transportation. Alexander attended a counseling session on September 26, 2006. She failed to report for a session on October 3, 2006. She attended counseling sessions on October 10, 2006 and October 17, 2006.

#5     Standard Condition: The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer a narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

On December 8, 2006, Alexander submitted a urine sample to her Butler County Adult Probation Officer that tested positive for cocaine and methamphetamine. Alexander admitted to her Butler County Probation Officer that she tested positive for cocaine because she used cocaine in late November 2006. Alexander did not admit to using methamphetamine.

#6      Special Condition: The defendant shall disclose immediately her prior criminal history to all prospective employers. The defendant shall maintain verifiable employment and make a full and complete disclosure of her criminal history on all job applications and during interviews.

In early December 2006, Alexander reported that she was hired by Dunkin Donuts. She advised this officer on December 13, 2006 that she disclosed her criminal history to David Mercer who is an Operations Director for Dunkin Donuts. On December 14, 2006, David Mercer advised this officer that Alexander informed him that she had a prior conviction for credit card fraud. Mercer noted that Alexander stated she received the conviction because her ex-husband was using credit cards. Mercer reported that Alexander did not disclose any other convictions or the fact that her criminal history dates back to 1984 and includes multiple convictions.

U.S. Probation Officer Recommendation: On November 1, 2006, the Court issued a warrant for Alexander's arrest for a Supervised Release Violation. Alexander was arrested on the warrant on November 7, 2006. She appeared for an Initial Appearance before Judge Hogan on November 7, 2006 and was released on a $10,000 unsecured bond. On December 12, 2006, this officer spoke to Richard Smith-Monahan regarding Alexander's pending Supervised Release Violation. At that time, this officer agreed that Smith-Monahan should approach the Court to request a continuance on the violation hearing because it appeared that Alexander was making some positive progress. However, when Alexander reported to this officer on December 13, 2006, she lied about advising Dunkin Donuts about her prior criminal history. Additionally, she failed to disclose the fact that she tested positive for cocaine with the Butler County Adult Probation. Thus, it is apparent that Alexander is a threat to the community and needs to be incarcerated until she can appear before the Court for a Supervised Release Violation Hearing. A request for a Bond Violation has been submitted to Judge Hogan.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

*Mark R. Grawe* (signature)

Mark R. Grawe
United States Probation Officer
Date: December 14, 2006

Reviewed and Approved By;

*John C. Cole* (signature)

John C. Cole
Supervising United States Probation Officer

---

THE COURT ORDERS:
- [ ] No Action
- [ ] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release.
- [ ] The Issuance of an Order to Appear and Show Cause
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [X] Other *See p. 1*

Signature of Judicial Officer

12/18/06
Date