INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-0017

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-3294

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 09, 2008
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )  ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE SOUTHERN DISTRICT OF
) OHIO
SHERRY ALEXANDER, )
) 1:02-CR-171-SSB
    Defendant-Appellant. )

O R D E R

Before: KEITH and SUTTON, Circuit Judges; ACKERMAN, District Judge.*

    Sherry Alexander, represented by counsel, appeals the sentences entered upon the revocation of her supervised release in two separate cases. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    In June 1999, Alexander pleaded guilty to credit card fraud, in violation of 18 U.S.C. § 1092(a)(2). She was sentenced to eighteen months of imprisonment and three years of supervised release. (Case No. 1:99-CR-033). Subsequently, in May 2003, Alexander pleaded guilty to unauthorized use of an access device, in violation of 18 U.S.C. § 1092(a)(2). She was sentenced to thirty months of imprisonment and three years of supervised release. The district court also revoked Alexander's original term of supervised release, and sentenced her to eighteen months of imprisonment and one year of supervised release, to be served consecutively to the sentence and supervised release imposed for the underlying offense. (Case No. 1:02-CR-171).

---

    *The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

No. 07-3294
- 2 -

In November 2006, the district court issued an arrest warrant for Alexander based on her violation of the terms of her supervised release, including: 1) failing to report to the probation office; 2) failing to follow her probation officer's instructions; 3) violating state law by harboring her fugitive son; 4) failing to attend mental health and substance abuse counseling; 5) failing to continue payment on her restitution obligation; 6) failing to refrain from drug use; and 7) failing to disclose her criminal history to her employer. In February 2007, the district court held a hearing on the supervised release violation charges, during which Alexander admitted to each of the violations. The district court revoked her supervised release in both cases, and sentenced her to twenty-four months of imprisonment in Case No. 1:02-CR-171, and six months of imprisonment in Case No. 1:99-CR-033, to be served consecutively.

On appeal, Alexander argues that: 1) the court should adopt the "reasonableness" standard of review supported by *United States v. Booker*, 543 U.S. 220, 261-65 (2005); and 2) the sentence imposed by the district court was "plainly unreasonable" because: a) the "thirty-month" sentence imposed was twice the recommended sentencing range of eight-to-fourteen months of imprisonment; b) a sentence within the recommended range would have been adequate to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a); c) the sentence imposed was driven more by the district court's frustration with Alexander's perceived inability to comply with the terms of her supervised release than with the relevant sentencing factors; and d) there was no support for the district court's conclusion that Alexander represented a threat to society.

This court now reviews supervised-release revocation sentences the same way we review all other sentences – "'under a deferential-abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), does not alter the analysis or disposition of this case. The United States Sentencing Guidelines always functioned in the supervised-release revocation cases the way they now do in all sentencing cases, in that they did not mandate that the district court judge impose a particular sentence upon the revocation of supervised release, but rather functioned only in an advisory capacity. *United States*

*v. McClellan*, 164 F.3d 308, 309-10 (6th Cir. 1999); *United States v. West*, 59 F.3d 32, 35 (6th Cir. 1995); *cf. United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005) (resentencing after violations of supervised release that was discretionary before *Booker* is discretionary after it).

Alexander's sentence is proper. Policy statements from Chapter 7 of the guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, but the statements are advisory and do not bind the sentencing court. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). In any event, the district court need not recite a ritualistic explanation of whether and how it considered the guidelines policy statements or how it weighed each of the statutory factors it is required to consider pursuant to 18 U.S.C. §§ 3583(e) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). *See United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005); *Johnson*, 403 F.3d at 816; *McClellan*, 164 F.3d at 310. A general statement of the district court's reasons sufficient to permit an informed appellate review will suffice. *See McClellan,* 164 F.3d at 310.

The record clearly reflects that the district court considered Alexander's sentencing arguments and explained its reasons for the sentences imposed. The district court considered Alexander's criminal history, as well as the previous violations of her supervised release. The court noted appropriate statutory sentencing factors, as well as the applicable sentencing guidelines range of eight to fourteen months of imprisonment. The record reflects that the district court expressly considered the § 3553(a) factors in arriving at a reasonable sentence, particularly the need to protect the public from further crimes committed by Alexander in light of her recidivism. The district court stated that it would impose sentences of twenty-four months and six months, to be served consecutively. After denying Alexander's request that the sentences be served concurrently, the district court pointed out its belief that the sentences imposed were necessary in light of Alexander's Criminal History Category of VI, as well as her continuing violations of the law and the terms of her supervised release. The district court's reasons for its sentence are sufficient to permit an informed appellate review, and the sentence imposed is reasonable because the district court considered the appropriate sentencing factors and sentenced Alexander within the applicable sentencing range.

No. 07-3294
- 4 -

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

Leonard Green

Clerk